```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SUMMIT FAMILY MEDICAL PRACTICE, P.C.,    :
                                         :
                    Plaintiff,           :
                                         :
         v.                              :  Civil Action
                                         :   No. 02-3783
THE PHILADELPHIA CONTRIBUTIONSHIP        :
 INSURANCE COMPANY,                      :
                                         :
                    Defendant.           :
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT THE PHILADELPHIA CONTRIBUTIONSHIP
<u>INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT</u>

     I.  <u>MATERIAL FACTS NOT IN DISPUTE</u>

Material facts not in dispute:

1. On or about June 16, 2001, Plaintiff allegedly suffered damage to its offices. Plaintiff alleges that the damage was due to a flood arising from inclement weather which occurred on that date, causing water to back up into the basement of the office building in which the Plaintiff is housed.

2. On the date of the alleged flood, Plaintiff owned a flood insurance policy issued by the Defendant. This is a Standard Flood Insurance Policy issued pursuant to the dictates of the National Flood Insurance Act found at 42 U.S.C. § 4001 et seq.

3. Plaintiff has attached a true and correct copy of the insurance policy as Exhibit A of its Complaint.

4. Under Article 9 Section J of the policy, an insured must take certain actions after a flood loss. First, the insured must give prompt written notice of the loss to the insurer. The insured must also execute and file a proof of loss within sixty (60) days of the date of the loss. This document furnishes information to the insurer including an explanation of how the loss occurred, details of other insurance, specification of damaged buildings and detailed repair estimates, and the inventory of damaged property.

5. Pursuant to this policy, the Plaintiff provided Defendant notice of the loss on June 18, 2001. A copy of the notice is attached as Exhibit 1.

6. Following the notice of loss, Defendant, through its agents, sent a claims adjuster to investigate the claim. As a result of that investigation, a preliminary report was prepared. Said report was prepared on July 6, 2001.

7. On August 22, 2001, Plaintiff was notified that its claim was denied.

8. Between June 17, 2001 and August 18, 2001, Plaintiff did not file the proof of loss as required under Section J of the policy. Indeed, Plaintiff has never filed the proof of claim as required by the policy. See Affidavit of Karen Christian, attached hereto as Exhibit 2.

9. Article 9, Section R of Plaintiff's Standard Flood Insurance Policy states in pertinent part that the insured "may not sue ... to recover money under this policy unless [the insured has] complied with all the requirements of the policy."

II. THE NATIONAL FLOOD INSURANCE PROGRAM

In 1968, the United States Congress established the National Flood Insurance Program to provide federally subsidized flood insurance coverage to individuals and businesses in areas prone to flooding. Since 1979, the National Flood Insurance Program has been under the auspices of the Federal Emergency Management Agency ("FEMA"). Originally, flood insurance could only be purchased directly from FEMA in conjunction with the Federal Insurance Administration. In an effort to privatize the system, however, FEMA modified the program in order to attract private insurers to enter into the flood insurance market. Because it was uneconomical for private insurance companies to provide flood insurance, the private insurers entered the market only through a system of protections and regulations established by FEMA. As a result, all private insurers writing flood insurance, including Defendant The Philadelphia Contributionship Insurance Company, are authorized by the federal government to operate as a "Write-Your-Own" ("WYO") insurance company, and are deemed fiscal agents of the United States of America, acting pursuant to a financial

assistance/subsidy arrangement with FEMA and the Federal Insurance Administration.  42 U.S.C. § 4001, et seq.  Thus, although the Defendant administers the insurance policy, by virtue of the federal guarantees, the federal treasury, through FEMA, is ultimately responsible for the payment of claims.  See <u>Van Holt v. Liberty Mutual Insurance Co.</u>, 163 F.3d 161 (3d Cir. 1998).

The terms and conditions of <u>all</u> federal flood insurance policies, whether issued by FEMA or the WYO insurers, are mandated by federal regulation.  All flood insurance policies must be issued in the form of a Standard Flood Insurance Policy ("SFIP"), and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator.  44 C.F.R. §§ 61.4(b), 61.13(d).  Indeed, the policy itself is set forth in its entirety as an appendix to 44 C.F.R. § 61.

Under the terms of the policy, the Plaintiffs had until August 8, 2001 to provide a proof of loss.  No proof of loss was ever filed.

It is well established that provisions of an insurance policy issued pursuant to a federal program must be strictly enforced and construed.  See, e.g. <u>Federal Crop Insurance Corporation v. Merrill</u>, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).  This strict construction has been applied with respect to proof of loss requirements in such policies. More particularly, it has been more routinely applied in the area of federal flood

insurance. Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998), Phelps v. FEMA, 785 F.2d 13 (1st Cir. 1986), Harper v. National Flood Insurers Association, 516 F.Supp. 725 (M.D. Pa. 1981), Continental Imports, Inc. v. Macey, 510 F.Supp. 64 (Ed. Pa. 1981), Nymmco of New Jersey v. Giufrida, No. 82-2861, D. NJ., aff'd, 740 F.2d 958 (3rd Cir. 1984). This strict construction has even been upheld where the flood claim is denied prior to the expiration of the 60 day period provided for filing the proof of loss. Continental Imports, Inc. v. Macey, supra. Moreover, this rule of strict construction has been extended to cases involving the WYO insurers. Flick v. Liberty Mutual Insurance Company, 205 F.3d 386 (9th Cir. 2000), Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998), and Steelcraft, Inc. v. Bankers & Shippers Insurance Company, 979 F.Supp. 60 (D.Mass. 1997). In Brookville Mining Equipment Corporation v. Selective Insurance Company of America, 74 F.Supp. 2nd 477 (W.D. Pa. 1999), the court was faced with a very analogous situation. In that case, the plaintiffs filed suit to recover proceeds under a WYO standard flood insurance policy. Selective Insurance filed a Motion for Summary Judgment as the plaintiffs had failed to timely file a proof of loss. In following the rationale of the VanHolt and Gowland opinions, supra, the court held that the plaintiffs failure to file a proof of loss within 60 days of the loss was fatal to their claims. The court went on to rule that plaintiff's argument with respect to waiver, estoppel and bad faith

must also fail under the applicable federal law. This opinion is consistent with other third circuit opinions on the same subject. See e.g. Schumitzki v. Director, FEMA, 656 F.Supp. 430 (D. NJ 1987), Harper v. National Flood Insurers Association, 516 F.Supp. 725 (M.D. Pa. 1981), Rizzo v. FEMA, 893 F.2d 1331 (3rd Cir. 1989) (aff'd without published opinion), and Palagruto v. Director, FEMA, 1999 WL 98591; 1999 U.S. Dist. Lexis 1915 (E.D. Pa. February 25, 1999).

One of the chief reasons for this rule of strict construction of the policy is because payment of claims, whether paid directly by FEMA or through the WYO insurers, constitutes a direct charge on the Federal Treasury. Van Holt v. Liberty Mutual Insurance Co., 163 F.3d 161, 165 (3d Cir. 1998). While the dismissal of a case based upon the failure to timely file a proof of claim may seem harsh, the federal courts have been clear that exceptions cannot be made in matters involving federal insurance policies. In Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998), the Court of Appeals carefully reviewed the Supreme Court decisions pertaining to this issue. The Forman court wrote:

> The [Supreme] court recognized that
>
>> "Not even the temptations of a hard case" will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury.

6

Forman, 138 F.3d 545, quoting Federal Crop Insurance Corporation v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947) and OPM v. Richmond, 496 U.S. 414, 420 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).

The Plaintiff's failure to timely file its proof of loss is fatal to its claim. As stated above, federal regulations provide that no provision of the policy may be altered, varied or waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.13(d). As no waiver exists which would have extended the filing period past August 18, 2001, and in light of the fact that no proof of claim was ever filed, the Plaintiffs' claim must fail.

This conclusion has been repeatedly upheld by the courts notwithstanding the seeming harshness of the result. See, e.g. Flick v. Liberty Mutual Insurance Company, 205 F.3d 386 (9th Cir. 2000) (Notice of claim to WYO carrier is not the equivalent of proof of loss); Wagner v. FEMA, 847 F.2d 515 (9th Cir. 1988). (In a continuing land subsidence case, failure to file a proof of claim within 60 days bars claims for "losses occurring more than 60 days before the respective dates of submission."); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998) ("As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance

policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."); <u>Holman v. FEMA</u>, 699 F.Supp. 98 (ND Tex 1988), <u>Gagliardi v. The Omaha Property & Insurance Company</u>, 952 F.Supp. 212 (D.NJ 1997), <u>Kennedy v. CNA Insurance Co.</u>, 969 F. Supp. 931 (D.NJ 1997), and <u>Steelcraft, Inc. v. Bankers & Shippers Insurance Company</u>, 979 F.Supp. 60 (D.Mass. 1997) (filing of proof of loss six months after the loss was not timely, thereby resulting in granting of summary judgment).

For these reasons, the Defendant respectfully requests this Honorable Court to grant summary judgment and dismiss the Plaintiffs' claims.

Respectfully submitted,

MOLDAWER & MARSHALL, P.C.

By: _____
    John Marshall
    451 Hungerford Drive
    Suite 200
    Rockville, MD  20850
    (301) 340-3200


By: _____
    Alfred J. Merlie, Esquire
    The Pavilion
    261 Old York Road
    Suite 424
    Jenkintown, PA  19046
    (215) 884-4015

    Counsel for Defendant