IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Summit Family Medical Practice, P.C.<br><br>v.<br><br>The Philadelphia Contributionship Insurance Company | CIVIL ACTION<br><br>NO.    02-3783 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO ALLOW ADDITIONAL INTERROGATORIES AND RESPONSE TO
DEFENDANT'S MOTION FOR RECONSIDERATION OF
THE ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On or about September 23, 2002, Plaintiff Summit Family Medical Practice, P.C. (hereinafter referred to as "Summit") served Interrogatories and Requests for Production of Documents upon counsel for Defendant Philadelphia Contributionship Insurance Company (hereinafter referred to as "Defendant").  See a true and correct copy of Plaintiff's Interrogatories and Requests for Production of Documents, attached as Exhibit "A."

Counsel for Defendant has refused to answer discovery.  See a true and correct copy of counsel for Defendant's correspondence of September 24, 2002, addressed to counsel for Summit, attached as Exhibit "B".  Counsel for Defendant stated in that letter, "given the lateness of the day, I do not anticipate us providing you any discovery of any kind."  See Exhibit "B".

Summit moved for an Order to Compel Discovery, which was granted on October 16, 2002.  See a true and correct copy of the Order of Judge Stewart Dalzell, dated October 16, 2002, attached as Exhibit "D".

Summit served 38 interrogatories upon Defendant, 13 more than anticipated by Federal Rule of Civil Procedure 33(a).[1]  Summit now requests leave of this court to allow the additional interrogatories that were served on Defendant.  Federal Rule of Civil Procedure 33(a) states that the number of interrogatories is not to exceed 25, unless the issuing party receives permission from the court to exceed that number.  "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)."  FED. R. CIV. P. 33(a).  Summit requests the Court to allow the additional interrogatories, and argues that Defendant's failure to comply with Summit's requests for discovery has necessitated the additional interrogatories.

The Eastern District has held that where a defendant fails to comply with a plaintiff's requests for discovery, additional interrogatories may be permitted in order to facilitate the speed of discovery.  McCurdy v. Dodd, U.S. Dist. LEXIS 3547, 2001 WL 313698 (E.D. Pa. 2001).  In McCurdy, the defendant failed to comply with the self-executing discovery requirements, which necessitated the use of additional interrogatories.  Id, at *8.

The facts in the instant case are even more compelling.  Counsel for Defendant has brazenly refused to answer any discovery, stating, "I do not anticipate us providing you any discovery of any kind."  See Exhibit "B".  Given Counsel for Defendant's uncooperativeness, additional interrogatories are necessary in order to complete discovery within a reasonable amount of time.

---

[1] Several of Summit's Interrogatories contain subsidiary instructions.  The Eastern District has held that subsidiary instructions to interrogatories are not additional interrogatories in and of themselves, but merely explanations, specifying the type of information plaintiff is eliciting.  New Park Entertainment v. Electric Factory Concerts, 2000 U.S. Dist LEXIS 531, 2000 WL 62315 (E.D. Pa. 2000).  Under this rule, Summit is requesting leave to propound 38 interrogatories, and not over 50, as described by Defendant.

**WHEREFORE**, Plaintiff Summit Family Medical Practice, P.C. respectfully requests this Honorable Court to allow additional Interrogatories and to deny Defendant's Motion for Reconsideration and for Protective Order.

                                            Respectfully submitted,

                                            FINEMAN & BACH, P.C.

Dated:_____                        By:_____
                                                    MICHAEL S. SALTZMAN, ESQUIRE
                                                    EMILY L. KAPLAN, ESQUIRE
                                                    1608 Walnut Street
                                                    19th Floor
                                                    Philadelphia, PA 19103
                                                    215-893-9300