```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUMMIT FAMILY MEDICAL           :     CIVIL ACTION
PRACTICE, P.C.                  :
                                :
        v.                      :
                                :
THE PHILADELPHIA                :
CONTRIBUTIONSHIP INSURANCE      :
COMPANY                         :     NO. 02-3783
```

ORDER

AND NOW, this 21st day of November, 2002, upon consideration of Plaintiff's Motion to Compel Discovery (Doc. No. 24), and defendant's response thereto, and the Court finding that:

(a) By Order dated November 6, 2002 (Doc. No. 16), discovery has been bifurcated, and accordingly discovery only now proceeds as to the issue of plaintiff's failure to file a timely proof of loss, which defendant has asserted in a summary judgment motion that is pending;

(b) Other discovery is held in abeyance, and shall resume if defendant's motion for summary judgment on proof of loss is denied in whole or part, id.;

(c) Before us is plaintiff's motion to compel discovery pertinent to proof of loss in which plaintiff seeks to compel responses to four unanswered interrogatories;

(d) In defendant's response thereto, defendant argues that the interrogatories are not relevant to the proof of loss question;

(e) Relevant discovery is any discovery that is "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1);

(f) Implicit in this standard, "reasonably calculated," is that a litigant may exercise discretion in deciding what legal and factual arguments to make to the Court, and what evidence would be helpful to preparing them;

(g) We will not hamstring a party by deciding relevance based on an adversary's theory of the case;

(h) At issue in this motion is whether four interrogatories are reasonably calculated to lead to the discovery of admissible evidence relevant to the question of whether plaintiff's insurance claims are precluded by plaintiff's failure to file a timely proof of loss;

(i) The four disputed interrogatories are, in summary,

<u>Interrogatory # 10</u>, requesting whether at the time defendant insurer became aware of plaintiff's insurance claim, defendant had any policies, claim manuals, or other written documents setting forth its practices and procedure for processing such insurance claims;

<u>Interrogatory # 22</u>, requesting information about the persons who made determinations about plaintiff's insurance claim and the date that the determinations were made;

<u>Interrogatory # 23</u>, requesting whether determinations on plaintiff's insurance claim were reviewed by any boards, panels, individuals, or committees; and

<u>Interrogatory # 26</u>, requesting any written policies or procedures that defendant had "relating to the issuance of insurance policies";

(j) Evidently, defendant believes that if plaintiff did not file a proof of loss plaintiff forfeits its right to recover on the insurance claim, while plaintiff argues that failure to file a proof of loss is only preclusive if it constitutes substantial noncompliance with the insurance policy and results in prejudice;

(k) We will not resolve this legal dispute now, but shall allow plaintiff to undertake discovery that is relevant to whether failure to file proof of loss is preclusive, under its legal theory;

(l) Accordingly, Interrogatories 10, 22, and 23 are relevant because they may lead to discovery of admissible evidence regarding whether defendant was prejudiced by plaintiff's failure to file a timely proof of loss and whether (or not) plaintiff's failure to do so was in substantial nonconformity with defendant's procedures; and

(m) However, plaintiff's motion to compel discovery with respect to Interrogatory 26 is denied, as it relates to defendant's procedures for <u>issuance</u> of insurance <u>policies</u> and plaintiff has not explained what that expansive subject has to do with the legal effect to ascribe to plaintiff's failure to file a timely notice of claim;

It is hereby ORDERED that plaintiff's motion to compel is GRANTED IN PART, and, accordingly, defendant shall by November 26, 2002 FURNISH plaintiff full responses to Interrogatories 10, 22, and 23, and, with respect to Interrogatory 26, the motion to compel is DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.